UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

YASHMYN JACKSON,

    Plaintiff,

-vs-                                            Case No.
                                                    Hon.

LEADING EDGE RECOVERY SOLUTIONS, LLC,
ACCOUNTS RECEIVABLE MANAGEMENT, INC., and
JP MORGAN CHASE BANK, N.A.

    Defendants.

## COMPLAINT & JURY DEMAND

### Jurisdiction

1. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3. The Plaintiff to this lawsuit Resides in Detroit, MI in Wayne County.

4. Leading Edge Recovery Solutions, LLC is a corporation doing business in Michigan.

5. Accounts Receivable Management, Inc. is a corporation doing business in Michigan.

6. JP Morgan Chase Bank, N.A. is a banking institution doing business in Michigan; at all relevant times, Leading Edge Recovery Solutions, LLC and Accounts Receivable Management, Inc. are both agents of the Defendant, JP Morgan Chase Bank, N.A. for purposes of collecting an alleged debt.

1

### Venue

7. The transactions and occurrences which give rise to this action occurred in Wayne County.

8. Venue is proper in the Eastern District of Michigan.

### General Allegations

9. Sometime before August 8, 2008, JP Morgan-Chase Bank, N.A. hired Accounts Receivable Management, Inc. to collect an alleged debt from the Plaintiff.

10. On or about August 8, 2008, Accounts Receivable Management, Inc. offered to settle the entire alleged debt for $850.00 with the Plaintiff authorizing two automatic debits of $425.00 from her checking account, the first on August 18, 2008 and the second on September 3, 2008; upon receipt of these payments, the alleged debt would be settled in full. (" the offer.").

11. Plaintiff accepted the offer.

12. On August 18, 2008, Accounts Receivable Management, Inc. took $425.00 from the Plaintiff's account.

13. On September 3, 2008, Accounts Receivable Management, Inc. took $425.00 from the Plaintiff's account.

14. Several days after Accounts Receivable Management, Inc. had received the total amount due from the Plaintiff, Accounts Receivable Management, Inc., through its agent, "Sarah Connor," called the Plaintiff and demanded more money.

15. Plaintiff explained that the debt had been settled in full and explained the circumstances of the settlement to "Sarah Connor."

16. Plaintiff received no more communication from Accounts Receivable Management, Inc.

17. Sometime after September 3, 2008, Accounts Receivable Management, Inc. transferred the alleged account to another entity or sent the account back to JP Morgan Chase and failed to inform that entity that the alleged debt had been settled in full.

18. Sometime after September 3, 2008, Accounts Receivable Management, Inc. mis-represented to an assignee of the alleged debt that the Plaintiff still owed money.

19. On March 10, 2009, Plaintiff received an initial communication from Leading Edge Recovery Solutions, LLC seeking to collect and amount that the Plaintiff did not owe.

20. Though Leading Edge Recovery Solutions, LLC offered to send verification of the alleged debt to the Plaintiff and Plaintiff requested this verification, Leading Edge Recovery Solutions, LLC failed to send any verification within a commercially reasonable amount of time.

21. Upon receipt of the initial communication from Leading Edge Recovery Solutions, LLC, Plaintiff called Accounts Receivable Management, Inc. to find out why she was still being harassed for an alleged debt which she had settled in full.

22. Plaintiff spoke with a representative at Accounts Receivable Management, Inc. named, "Ashley Bryant," who told the Plaintiff that the settlement had been "retracted."

23. Accounts Receivable Management, Inc. then represented to the Plaintiff that Accounts Receivable Management, Inc. had attempted to contact Plaintiff after the second payment was received to tell her that JP Morgan Chase Bank N.A. had rejected the settlement because it was below the bank's "parameters."

**COUNT I – Fair Debt Collection Practices Act (Leading Edge Recovery Solutions, LLC)**

24. Ms. Jackson incorporates the preceding allegations by reference.

25. At all relevant times Leading Edge Recovery Solutions, LLC – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

26. Leading Edge Recovery Solutions, LLC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

27. Leading Edge Recovery Solutions, LLC 's foregoing acts in attempting to collect this alleged debt against Ms. Jackson constitute violations of the FDCPA.

28. Ms. Jackson has suffered damages as a result of these violations of the FDCPA.

**COUNT II – Michigan Occupational Code (Leading Edge Recovery Solutions, LLC)**

29. Ms. Jackson incorporates the preceding allegations by reference.

30. Leading Edge Recovery Solutions, LLC is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

31. Ms. Jackson is a debtor as that term is defined in M.C.L. § 339.901(f).

32. Leading Edge Recovery Solutions, LLC 's foregoing acts in attempting to collect this alleged debt against Ms. Jackson constitute violations of the Occupational Code.

33. Ms. Jackson has suffered damages as a result of these violations of the Michigan Occupational Code.

**COUNT III – Fair Debt Collection Practices Act (Accounts Receivable Management, Inc.)**

34. Ms. Jackson incorporates the preceding allegations by reference.

35. At all relevant times Accounts Receivable Management, Inc. – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

36. Accounts Receivable Management, Inc. is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

37. Accounts Receivable Management, Inc.'s foregoing acts in attempting to collect this alleged debt against Ms. Jackson constitute violations of the FDCPA.

38. Ms. Jackson has suffered damages as a result of these violations of the FDCPA.

### COUNT IV – Michigan Occupational Code (Accounts Receivable Management, Inc.)

39. Ms. Jackson incorporates the preceding allegations by reference.

40. Accounts Receivable Management, Inc. is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

41. Ms. Jackson is a debtor as that term is defined in M.C.L. § 339.901(f).

42. Accounts Receivable Management, Inc.'s foregoing acts in attempting to collect this alleged debt against Ms. Jackson constitute violations of the Occupational Code.

43. Ms. Jackson has suffered damages as a result of these violations of the Michigan Occupational Code.

### COUNT V -- Violation of M.C.L. § 445.251 *et seq*. (JP Morgan Chase Bank, N.A.)

44. Ms. Jackson incorporates the preceding allegations by reference.

45. JP Morgan Chase Bank, N.A. is a "regulated person" as that term is set forth in M.C.L. § 445.251.

46. The acts and omissions of JP Morgan Chase Bank, N.A. described herein constitute willful or intentional violations of one or more acts prohibited under M.C.L. § 445.252 entitling Ms. Jackson to recover actual and statutory damages, as well as costs and attorneys fees.

## Demand for Jury Trial

47. Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

*ACCORDINGLY, Ms. Jackson requests that the Court:*

*a.     Assume jurisdiction over all claims;.*

*b.     Award actual damages.*

*c.     Award statutory damages.*

*d.     Award punitive damages.*

*e.     Award statutory costs and attorney fees.*

          Respectfully Submitted,

          ADAM G. TAUB & ASSOCIATES
          CONSUMER LAW GROUP, PLC

          By:     s/ Adam G. Taub
                    Adam G. Taub (P48703)
                    Attorney for Yashmyn Jackson
                    18930 West 10 Mile Rd. Suite 2500
                    Southfield, MI 48075
                    Phone: (248) 746-3790
                    Email: adamgtaub@clgplc.net

Dated: May 8, 2009